IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RHONDA SMITH
on behalf of S.J.W.,

                Plaintiff,                          ORDER

   v.

                                               13-cv-806-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Rhonda Smith seeks judicial review of a final decision of the Commissioner of Social Security finding her daughter, S.J.W., not disabled within the meaning of the Social Security Act. For reasons stated more fully at the hearing held February 17, 2015, the court will grant plaintiff's motion for summary judgment and remand the case to the Commissioner for further proceedings.

      The ALJ erred by failing to consider whether S.J.W. met or medically equaled Listing 112.05 (intellectual disability) under 20 C.F.R. part 404, subpart P, app.1. Although the ALJ analyzed other potentially applicable listings (for organic mental disorders and communication impairment), he did not expressly consider Listing 112.05. There is evidence in the record, particularly a full-range I.Q. score of 66, that would make that Listing particularly pertinent to S.J.W. As the Commissioner acknowledged at the hearing, Listing 112.05 does not require that S.J.W. actually have a diagnosis of cognitive impairment. The ALJ's own findings show significant limitations in three functional domains: acquiring and using information; attending and completing tasks; and interacting and relating with others. Thus, there is evidence in the record that, if credited, would show that S.J.W. meets Listing 112.05.

On remand, the ALJ should consider whether S.J.W. meets or medically equals Listing 112.05. In considering this listing, the ALJ should also revisit his consideration of the severity of her impairments in cognitive and social functioning. The record demonstrates that S.J.W. is a polite and cooperative child. For example, as shown in Exhibit 10E,[1] the report of S.J.W.'s teacher, S.J.W. pays attention when spoken to directly, respects adults, and takes turns in conversation. She can also manage simple tasks, such as following single-step instructions. But S.J.W. has problems in nearly every area requiring even modest sophistication. She has "very serious" problems in using language appropriate to the situation and the listener, in relating experiences and telling stories, and in completing work accurately without making mistakes. The ALJ regarded S.J.W.'s limitations in attending and completing tasks and in social functioning as less than "marked" because she had "no problem" with many of the lowest-level tasks in these areas. On remand, the ALJ should consider whether her across-the-board problems with higher-level tasks shows that she has significant deficits in adaptive functioning, demonstrating her "inability to cope with the challenges of ordinary everyday life." *Novy v. Astrue*, 497 F.3d 708, 710 (7th Cir. 2007). The fact that S.J.W. is pleasant and respectful and that she manages simple tasks does not mean that she does not meet Listing 112.05.[2]

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Rhonda Smith's application on behalf of S.J.W. for disability

---

[1] The ALJ purported to give Ms. Levra's report, R. 237-44, "considerable weight." He cited the report repeatedly and it was the primary evidence on which he based his appraisal of S.J.W.'s limitations. But the ALJ gave "great weight" to the opinions of state agency reviewers that categorized S.J.W.'s limitations in attending and completing tasks and in interacting and relating with others as "less than marked." Although the ALJ obviously embraced the conclusions of the state agency reviewers, he did not explain why he gave greater weight to those conclusions than to Ms. Levra's report. If, on remand, the ALJ continues to give greater weight to the state agency opinions, should explain his reasons for doing so.

[2] After reevaluating the severity of S.J.W.'s functional impairments, the A.L.J. may also determine that it would be appropriate to revisit Listing 112.02.

benefits is REVERSED AND REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

    Entered February 18, 2015.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge